**Lucius DUNMARS, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3142.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 10, 2003.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Lucius Dunmars, Jr. petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the United States Postal Service ("agency") removing him from his position of letter carrier. *Dunmars v. U.S. Postal Serv.*, Docket No. AT-0752-02-0095-I-1 (June 18, 2002). Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is supported by substantial evidence, we *affirm*.

## Background

Petitioner was a letter carrier with the Agency from October 1994 until his removal in October 2001. It is undisputed that, between January 1999 and April 2001, the petitioner was disciplined on four occasions for attendance-related problems. On August 15, 2001, a supervisor with the agency proposed appellant's removal for failure to meet attendance requirements of his position and absence without leave ("AWOL"), failure to return undeliverable mail, and delaying, curtailing mail without authorization. Petitioner responded orally to these charges on August 30, 2001. On October 4, 2001, a manager with the agency issued a final decision sustaining the charges and finding that the petitioner's removal was warranted in promoting the efficiency of the service. Petitioner was removed from his position on October 24, 2001.

Petitioner timely appealed to the Board. After conducting a hearing on the matter, including live testimony from the petitioner and percipient witnesses, the Board issued its initial decision affirming the agency's action. Petitioner sought review of the initial decision. The Board denied the petition for review because the petitioner had presented no new evidence, and because the Board discerned no error in law or regulation that affected the outcome.

Petitioner now appeals to this court. On appeal, petitioner argues that the supervisor who suggested his termination was a supervisor trainee who had more than twenty grievances filed against her, and that the supervisor fabricated the allegations against him. Thus, petitioner challenges the Board's decision on the merits of the charges against him.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

This court's role in reviewing Board decisions is limited: we must affirm the Board decision unless it was (1) arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) not supported by substantial evidence. 5 U.S.C. § 7703(c).

Here, there is no dispute that the Board and agency followed proper procedure. Petitioner disputes the Board's decision (and agency action) on the merits.

With regard to the first charge, AWOL on July 16, 2001, the Board found that the overwhelming weight of evidence shows that the petitioner's doctor cleared him, by letter dated July 13, 2001, to return to work on July 16, 2001, after a prolonged illness. The Board found that the petitioner had presented no reliable evidence that he was unaware of that clearance. Furthermore, the Board found that the petitioner's claim that he was at his doctor's

office on July 16, 2001 was contradicted by his own hearing exhibit and was inherently improbable. Accordingly, the Board sustained the charge of AWOL. We discern substantial evidence in support of the Board's finding—the July 13, 2001 doctor's note clearing the petitioner to return to work on July 16, 2001, and a July 21, 2001 doctor's note indicating that the petitioner had been seen on July 6, July 13 and July 20, 2001, but not mentioning any visit on July 16, 2001.

We also discern substantial evidence supporting the Board's finding that the petitioner mishandled a registered package insured for $2,500. Specifically, the Board concluded that, even accepting as true the petitioner's version of the events surrounding this charge, the petitioner still mishandled the registered mail in question. The record supports this conclusion. Pursuant to agency procedure, a letter carrier must sign for "accountable items" (e.g., certified mail, express mail, return receipt merchandise, and receipt for recorded delivery mail). If the accountable item is not delivered on the day on which it is signed for, the letter carrier must return that accountable item to the post office that very day. Here, the petitioner received three accountable items on June 29, 2001, one of which was a registered package insured for $2,500. At the end of the day, petitioner returned with proof of delivery for two of the three accountable items; he did not return the third accountable item, the registered package, to the post office that afternoon. When questioned by his supervisors about the package the next morning, the petitioner stated that he had no recollection of the package and did not know its whereabouts. Yet later that day, the petitioner submitted a form signed by the addressee which stated that the package had been delivered on June 29, 2001. When asked by petitioner's supervisor about the package, however, the addressee

provided a statement that the package had been delivered by the petitioner on June 30, 2001, not June 29, 2001. In his response to the notice of proposed removal, the petitioner argued that he had accidentally dropped the package in the addressee's mailbox, and discovering his error the next day, delivered the package to the addressee personally.

In light of the above, we hold that there is substantial evidence supporting the Board's finding that the petitioner mishandled an accountable item. The record establishes that the accountable item was picked up by the petitioner on June 29, 2001, and was not properly delivered until June 30, 2001. The record also establishes that the petitioner did not return the accountable item to the post office on June 29, 2001 as required, and could not explain its whereabouts when the petitioner's supervisor inquired into the status of the package.

Finally, we discern substantial evidence supporting the Board's decision to sustain the specification for delaying, curtailing mail. It is not disputed that on June 25, 2001, the petitioner returned to the post office after his route and left considerable quantities of undelivered mail beneath an empty mail tray at his case. Because the petitioner failed to sign out that afternoon, his supervisor went to his case that afternoon to look for him. While there, she discovered the undelivered mail, and sent two casual employees to finish delivering the mail. The petitioner argues that he was unable to complete his route because of dogs. The agency's policy allows for curtailing delivery only upon approval of a manager. There is no dispute that the petitioner did not receive approval from a manager.

Before the Board, the petitioner argued that he called the post office and was

informed by a Distribution Clerk, Greta Williams, that no manager was present. The petitioner did not make this argument prior his appeal, did not call Ms. Williams as a witness, and did not question Ms. Williams on cross-examination on this topic during the hearing before the Board. Thus, petitioner has presented no evidence, aside from his own belated testimony, in support of his argument. In contrast, the record includes testimony from the petitioner's supervisor that she was not made aware of any attempt by the petitioner to contact the post office for permission. The Board considered the conflicting testimony and found that the petitioner's testimony was not persuasive. We discern substantial evidence in support of the Board's finding—the testimony of the petitioner's supervisor. Moreover, to the extent the Board's decision was based on the administrative judge's assessment of the relative credibility of the petitioner and his supervisor, that assessment is entitled to deference.

As to the penalty of removal, we note that the petitioner had several recent reprimands and two fourteen day suspensions for AWOL. In this light, removal cannot be seen as grossly disproportionate to the proven infractions.

Thus, because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is supported by substantial evidence, we affirm.